UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIO HERNANDEZ, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>GRIMALDI LLC d/b/a GRIMALDI'S PIZZERIA, and JENNIFER HEANEY, individually,<br><br>Defendants. | **COMPLAINT**<br><br>**Docket No.: 26-cv-6972**<br><br>Jury Trial Demanded |

MARIO HERNANDEZ ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against GRIMALDI LLC d/b/a GRIMALDI'S PIZZERIA ("Grimaldi's"), and JENNIFER HEANEY, individually, (collectively, with Grimaldi's where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1. This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii) the minimum wage provisions of the NYLL, NYLL § 652(1), 12 NYCRR §

146-1.2; (iv) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate for those days when their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 146-1.6; (v) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); and any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a New York limited liability company that operates a pizzeria in Nassau County, and the company's owner and day-to-day overseer - - as a non-managerial kitchen staff worker from in or around May 2010 until August 1, 2026. As described below, throughout Plaintiff's employment, but as is relevant herein, for the six-year period pre-dating the commencement of this action, through the end of Plaintiff's employment ("the Relevant Period"), Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, throughout the majority of the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did work, in excess of forty hours each workweek, or virtually each week, yet in exchange, from the beginning of the Relevant period until in or around January 2024, Defendants paid Plaintiff a flat daily salary regardless of the number of hours he worked over forty in a week, and thus Defendants did not pay Plaintiff at the rate of one and one-half times his regular rates of pay for those hours that Plaintiff worked in a week in excess of forty. Worse, during that time period, Defendants also failed to pay Plaintiff at least at the applicable minimum wage rate for each hour that he worked. Additionally, from in or around January 2024 through the end of his employment, Defendants paid Plaintiff for each of his hours worked at a flat hourly rate, and thus, did not pay Plaintiff at the rate of one and one-half times his regular rates of pay for those hours that Plaintiff worked in a week in excess of forty.

3. Moreover, Defendants further violated the NYLL and the NYCRR by failing to: provide Plaintiff with spread-of-hours pay whenever his workday exceeded ten hours from start to finish; or to furnish Plaintiff with any wage statement on each payday let alone statements that contained accurate specifically enumerated criteria that NYLL §§ 195(3) requires from the beginning of the Relevant Period until in or around January 2024, and thereafter, furnishing Plaintiff with inaccurate wage statements on each payday.

4. Defendants have paid and treated all of their non-managerial kitchen staff workers in this same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who have suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

9. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times herein, Defendant Grimaldi's was and is a New York limited liability company with its principal place of business located at 980 Franklin Avenue, Garden City, New York 11530.

11. At all relevant times herein, Defendant Heaney was and is the owner and day-to-day overseer of Defendant Grimaldi's, who in that role personally managed and oversaw, and continues to manage and oversee, the day-to-day operations of the business, and who was and is ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked, including those matters with respect to Plaintiff.

12. At all relevant times herein, both Defendants were "employers" within the meaning of the FLSA and the NYLL. Additionally, at all times relevant to the FLSA, Defendant Grimaldi's qualifying annual business exceeded and exceeds $500,000.00, and Grimaldi's was and is engaged in interstate commerce within the meaning of the FLSA, as it employed and employs two or more employees, operates a business that purchases and sells numerous products that have moved across state lines, such as fountain soda and bottled and canned beverages, meats, cheeses, and vegetables for pizza toppings, and pasta, seafood, and other ingredients for catering and entrées. Grimaldi's also accepts payments in cash that naturally moves across state lines and accepts credit cards as a

form of payment based on cardholder agreements with out-of-state companies. The combination of all of these factors subjects Grimaldi's to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees who during the applicable FLSA limitations period, performed any work for Defendants as non-managerial kitchen staff workers, or in a similar position, and who consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

14. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid at the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15. At all relevant times, Defendants are and have been aware of the requirement to pay their non-managerial employees, including Plaintiff and FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so. Indeed, Defendants were previously parties to an action entitled *Charles Tesoro v. Grimaldi LLC et al.*, Civ 2:20-cv-04708 (E.D.N.Y. 2020), and *Sosa v. Grimaldi LLC et al.*, Civ. 16-cv-00252 (E.D.N.Y. 2016) wherein employees alleged Defendants, *inter alia*, failed to properly pay them overtime in

violation of the FLSA and NYLL. Moreover, Plaintiff lodged numerous complaints, specifically to Defendant Heaney, that Defendants did not pay him his proper wages in accordance with the law, but Defendants continued not to pay him overtime.

16. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

17. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendants have subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

18. Under FRCP 23(b)(3), a plaintiff must plead that:

a. The class is so numerous that joinder is impracticable;

b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c. Claims or defenses of the representative are typical of the class;

d. The representative will fairly and adequately protect the class; and

e. A class action is superior to other methods of adjudication.

19. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former non-managerial kitchen staff employees who during the applicable NYLL limitations period, performed any work for any of the Defendants in New York ("Rule 23 Plaintiffs").

Numerosity

20. During the relevant statutory period, Defendants have employed, in total, at least forty employees that are putative members of this class.

Common Questions of Law and/or Fact

21. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; (3) whether Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated minimum wage rate for all hours worked; (5) whether Defendants have paid the Rule 23 Plaintiffs an additional one hour's pay at the applicable minimum wage rate for any day worked in which the spread of hours exceeds ten; (6) whether Defendants furnished and furnish the Rule 23 Plaintiffs with a wage statement on each payday that accurately contains the information that NYLL § 195(3) requires; (7) whether Defendants have kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs or the Rule 23 Plaintiffs' hours worked; (8) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (9) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (10) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

22. As described in the "Background Facts" section below, Defendants have employed Plaintiff and Rule 23 Plaintiffs as non-managerial kitchen staff workers. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York, in excess of forty hours per week, yet Defendants have failed to pay them at the statutorily-required rate of one and one-half times their respective regular rates of pay, or one and one-half times the applicable minimum wage rate, if greater, for all hours worked in a week in excess of forty, and/or pay them at least at the applicable minimum wage rate for all hours worked, and/or pay them an additional one hour's pay at the minimum wage rate for any day worked in which the spread of hours exceeds ten, while also failing to provide them with an accurate wage statement on each payday. Plaintiff and the Rule 23 Plaintiffs enjoy the same rights under the NYLL to receive overtime wages at the statutorily-required rate of one and one-half times their regular rates of pay for all hours worked each week over forty, to be paid at least at the minimum wage rate for each hour worked, to be paid an additional one hour's pay at the minimum wage rate for any day worked in which the spread of hours exceeds ten, and to be furnished with an accurate wage statement on each payday. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

Adequacy

23. Plaintiff as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff overtime at the rate of one and one-half times his regular rate of pay for all of his hours worked over forty in a week, did not pay him at least at the required minimum wage rate for all hours worked, did not pay him an additional one hour's pay at the minimum wage rate for any day worked in which the spread of hours exceeded ten, and did not furnish him with an accurate wage statement on each payday, which is substantially-similar to how Defendants have paid and treated the Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendants, and thus has no fear of retribution for his testimony. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to them. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

24. Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

25. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

26. Any lawsuit brought by any non-managerial kitchen staff worker of Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

27. Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

28. Defendant Grimaldi's is a New York limited liability company that operates a pizzeria located at 980 Franklin Avenue, Garden City, New York.

29. At all relevant times herein, Defendant Heaney was and is the owner and day-to-day overseer of Grimaldi's, who in that role personally managed and oversaw, and continues to manage and oversee, the day-to-day operations of the business, and who was and is ultimately responsible for all matters with respect to hiring and firing employees, determining employees' rates, methods of pay, and employees' work schedules, as well as for maintaining employment records, including those matters with respect to Plaintiff. Indeed, Heaney personally set Plaintiff's hours, his rate of pay, had authority of the decision to terminate Plaintiff, and should have maintained Plaintiff's employment records.

30. Throughout the Relevant Period, Plaintiff worked for Defendants as a non-managerial kitchen staff worker. In that role, Plaintiff's primary duties consisted of preparing food and maintaining the cleanliness of the kitchen.

31. Throughout the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did work, five days per week, Saturday through Tuesday, from 9:00 a.m. to 9:00 p.m., and on Friday from 9:00 a.m. to 10:00 p.m., without a scheduled or uninterrupted break during any shift, for a total of sixty-one hours per week.

32. From the beginning of the Relevant Period, through in or around December 2023, Defendants paid Plaintiff at a flat daily rate of $100.00 per day, and thus, $500.00 per week. Starting in or around January 2024, through the end of his employment, Defendants paid Plaintiff at a flat hourly rate of $17.50 per hour for all hours that he worked in a week. Thus, at no time did Defendants compensate Plaintiff at the rate of one and one-half times his regular rate of pay, or one and one-half times the applicable minimum wage, if greater, for any hours that he worked over

forty in a week, and from the beginning of the Relevant Period through in or around December 2023, failed to pay Plaintiff at least at the applicable minimum wage for each hour worked.

33. Moreover, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, shifts that exceeded ten hours from start to finish as detailed above, yet Defendants failed to provide Plaintiff with an additional hour of pay at the minimum wage rate for any of those days.

34. By way of example only, for the week of November 6 through November 12, 2022, Defendants required Plaintiff to work, and Plaintiff did work, a total of sixty-one hours, according to the following schedule, with no scheduled or uninterrupted breaks on any day:

Sunday, November 6, 2022: 9:00 a.m. to 9:00 p.m.;

Monday, November 7, 2022: 9:00 a.m. to 9:00 p.m.;

Tuesday, November 8, 2022: 9:00 a.m. to 9:00 p.m.;

Wednesday, November 9, 2022: off;

Thursday, November 10, 2022: off;

Friday, November 11, 2022: 9:00 a.m. to 10:00 p.m.; and

Saturday, November 12, 2022: 9:00 a.m. to 9:00 p.m.

In exchange for his work that week, Defendants paid Plaintiff at his $100.00 per day rate, regardless of the number of hours that he worked, for a total of $500.00. Thus, Defendants failed to pay Plaintiff at least at the applicable minimum wage of $15.00 for each of his hours worked that week, and failed to pay Plaintiff at his overtime rate of $22.50 for each of the twenty-one hours that he worked in excess of forty hours that week. Additionally, Defendants failed to pay Plaintiff an additional hour's pay at the applicable minimum wage rate that week for each of the five days where his spread-of-hours exceeded ten in a workday.

35. By way of an additional example only, for the week of January 11 through January 17, 2026, Defendants required Plaintiff to work, and Plaintiff did work, a total of sixty-one hours, according to the following schedule, with no scheduled or uninterrupted breaks on any day:

Sunday, January 11, 2026: 9:00 a.m. to 9:00 p.m.;

Monday, January 12, 2026: 9:00 a.m. to 9:00 p.m.;

Tuesday, January 13, 2026: 9:00 a.m. to 9:00 p.m.;

Wednesday, January 14, 2026: off;

Thursday, January 15, 2026: off;

Friday, January 16, 2026: 9:00 a.m. to 10:00 p.m.; and

Saturday, January 17, 2026: 9:00 a.m. to 9:00 p.m.

In exchange for his work that week, Defendants paid Plaintiff at his flat $17.50 hourly rate, regardless of the number of hours that he worked, for a total of approximately $1,067.50. Thus, Defendants failed to pay Plaintiff at his overtime rate of $26.25 for each of the twenty-one hours that he worked in excess of forty hours that week. Additionally, Defendants failed to pay Plaintiff an additional hour's pay at the applicable minimum wage rate that week for each of the five days where his spread-of-hours exceeded ten in a workday.

36. From the beginning of the Relevant Period through in or around December 2023, Defendants paid Plaintiff on a weekly basis, in cash. From in or around January 2024 through the end of the Relevant Period, Defendants paid Plaintiff on a weekly basis, partially by check and partially in cash.

37. From the beginning of the Relevant Period until in or around January 2024, on each occasion when Defendants paid Plaintiff, Defendants failed to furnish Plaintiff with any wage statement, let alone a statement that accurately listed, *inter alia*, his hours worked, his regular and

overtime rates of pay, and his regular and overtime wages owed. From in or around January 2024 through the end of his employment, on each occasion when Defendants paid Plaintiff, Defendants furnished Plaintiff with an inaccurate wage statement that, *inter alia*, did not accurately reflect the number of hours that he worked and the wages that he received. Defendants' failure to provide Plaintiff with a proper wage statement deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

38. Defendants treated Plaintiff, FLSA Plaintiffs, Rule 23 Plaintiffs in the same manner described herein.

39. Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

40. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was and is for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS

*Unpaid Overtime Under the FLSA*

41. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

43. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

44. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

45. Defendants willfully violated the FLSA.

46. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

47. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS

*Unpaid Overtime Under the NYLL and the NYCRR*

48. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

50. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

51. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

52. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

53. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wages Under the NYLL and the NYCRR*

54. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55. NYLL § 652(1) and 12 NYCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for each hour worked.

56. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, were and/or are employees within the meaning of the NYLL and the NYCRR.

57. As also described above, Defendants failed to compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, at least at the minimum hourly rate that the NYLL and the NYCRR require for all hours worked.

58. At the least, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to the minimum rate of pay that the NYLL and the NYCRR require for all hours worked.

59. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

60. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61. NYLL § 652(1) and 12 NYCRR § 146-1.6 provide that an employee working in the hospitality industry shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

62. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

63. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

64. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to spread-of-hours pay in the amount of one hour's pay at the then-applicable minimum hourly wage rate for any day worked in which their spread of hours exceeded ten.

65. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

66. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

67. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

68. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

69. As also described above, Defendants, on each payday, either failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with any wage statement, let alone a statement that accurately contained all of the criteria that the NYLL requires, or furnished a wage statement that did not accurately contain all of the criteria that the NYLL requires.

70. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $250.00 for each workday that each violation occurred, up to a statutory cap of $5,000.00 per person.

**DEMAND FOR A JURY TRIAL**

71. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f. Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

i. Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and the FRCP;

j. Awarding pre-judgment and post-judgment interest, as provided by law; and

k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
October 28, 2026

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. No. (516) 248-5550
Fax No. (516) 248-6027

By: ______________________________
ANDREW C. WEISS, ESQ.
MICHAEL J. BORRELLI, ESQ.